UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS R. HEILMAN,<br><br>        Petitioner,<br><br>vs.<br><br>RANDY BLADES,<br><br>        Respondent. | Case No. 3:11-cv-00304-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Petitioner Dennis R. Heilman is proceeding on his Amended Petition for Writ of Habeas Corpus. (Dkt. 11.) Respondent has filed a Motion for Summary Dismissal on procedural grounds. (Dkt. 19.) After several requests for extensions were granted, the Motion is now fully briefed (Dkt. 35.)

Having reviewed the record in this matter and having considered the arguments of the parties, the Court enters the following Order.

### REVIEW OF MOTION FOR SUMMARY DISMISSAL: STATUTE OF LIMITATIONS GROUNDS

**1. Standard of Law Governing Statute of Limitations**

When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v.*

*Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by the parties. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] 28 U.S.C. § 2244(d)(1)(A). One year means 366 days, for example, from January 1, 2000, to January 1, 2001. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA).

Because a federal habeas corpus action is for the express and limited purpose of challenging the current judgment of conviction under which a state prison is held, the federal limitation period under 28 U.S.C. § 2244(d)(1)(A) runs from the most recent amended judgment of conviction in the state district court, not from the original judgment. *Smith v. Williams*, 871 F.3d 684 (9th Cir. 2017). Under such circumstances, the federal limitation period does not begin to run as to the current federal petition until

---

[1] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D).

**MEMORANDUM DECISION AND ORDER - 2**

"conclusion of direct review or the expiration of the time for seeking such review." *See id.*; 28 U.S.C. §2244(d)(1)(A).

AEDPA also contains a tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). The federal statute of limitations is not tolled between the date of finality on direct appeal and the date the first collateral challenge is filed, because nothing is "pending" during that time. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).

### 2. Background and Discussion of Timeliness Issue

Petitioner was convicted by jury of aggravated assault, rape, false imprisonment, and unlawful entry on June 30, 2006. (State's Lodging A-1, pp. 113-114.) Petitioner was sentenced to concurrent sentences of six years fixed with fourteen years indeterminate on the aggravated assault and rape charges, and concurrent lesser sentences for the other two charges, with entry of judgment on September 28, 2006. (*Id.*, pp. 166-170.)

On November 3, 2006, Petitioner filed a notice of appeal several weeks too late. (State's Lodging A-1, pp. 174-177.) After giving Petitioner notice and an opportunity to respond, the Idaho Supreme Court dismissed the appeal as untimely. (State's Lodgings B-1 to B-6.)

Petitioner next filed a motion for a new trial. The state district court denied the motion, and Petitioner did not file an appeal. (State's Lodging A-1, p. 183-196; State's Lodging A-2, pp. 203-224; A-4.)

Petitioner filed his initial post-conviction relief petition on July 28, 2008. (State's Lodging C-1, pp. 4-11.) The State filed a motion to dismiss on grounds of untimeliness. The state district court denied the motion, reasoning that, when Petitioner filed a motion for a new trial, the one-year post-conviction statute of limitations did not begin until the state district court disposed of that motion. (State's Lodging C-1, pp. 42-49.)

The state district court went on to adjudicate the merits of the post-conviction petition. The petition contained several ineffective assistance of trial counsel claims, which were disposed of as follows:

- Relief was granted on the first claim, ineffective assistance for failure to file a timely notice of appeal from the judgment of conviction. (*Id*., pp. 65-66.) The court vacated and re-entered judgment allowing Petitioner to file a direct appeal. (*Id*.)

- The court summarily dismissed Petitioner's second claim, ineffective assistance for failing to file a timely Rule 35 motion to challenge his sentences. (*Id*., pp. 67-68.)

- The court held an evidentiary hearing on the third claim, ineffective assistance for failing to advise Petitioner of his Fifth Amendment rights regarding a psychosexual evaluation. (*Id*., pp. 75-84; C-3.) Petitioner filed a notice of appeal regarding this claim only. (State's Lodging D-6.) The Idaho Court of Appeals affirmed the state district court's decision, and the Idaho Supreme Court denied Petitioner's petition for review. (State's Lodgings D-9 to D-11.)

**MEMORANDUM DECISION AND ORDER - 4**

As to the relief granted on Petitioner's first claim, the state district court re-entered judgment on April 28, 2009. Petitioner filed a timely notice of appeal. (State's Lodging A-2, pp. 243-250.) The Idaho Court of Appeals affirmed the convictions on December 10, 2010, and the Idaho Supreme Court denied Petitioner's petition for review on January 24, 2011. (State's Lodgings E-3 to E-5.)

On June 29, 2011, Petitioner filed a successive post-conviction action, raising numerous ineffective assistance of trial and appellate counsel claims not previously raised (some of which could have been raised only after his newly-reinstated appeal), a prosecutorial misconduct claim, and a witness perjury claim. Petitioner's newly-appointed counsel raised additional claims in an amended successive petition. The state district court denied relief. (State's Lodging F-1.) On appeal, the Idaho Court of Appeals affirmed the summary dismissal of the successive petition, and the Idaho Supreme Court denied Petitioner's petition for review. (State's Lodging G-4 to G-6.)

Petitioner's federal Petition for Writ of Habeas Corpus was filed on June 29, 2011 (mailbox rule date), the same day his successive post-conviction petition was filed in state court. The federal proceedings were staying pending the outcome of his successive post-conviction action. When the state action was concluded, this case was re-opened, and Petitioner filed the Amended Petition for Writ of Habeas Corpus, the operative pleading at issue. (Dkt. 11.)

The new case *Smith v. Williams* dictates that a petitioner can contest only the judgment under which he is currently held; hence, the operative judgment is Petitioner's Amended Judgment of April 28, 2009. Petitioner filed a timely notice of appeal, and

**MEMORANDUM DECISION AND ORDER - 5**

Idaho Supreme Court denied Petitioner's petition for review on January 24, 2011. (State's Lodgings E-3 to E-5.) Petitioner then had 90 days in which to petition the United States Supreme Court for a petition for writ of certiorari, which ended Sunday, April 24, 2011.

Therefore, his federal statute of limitations began on Monday, April 24, 2011, and his federal Petition was filed on June 29, 2011, clearly within the one-year time frame. The Court therefore deems Petitioner's petition timely.

## REVIEW OF MOTION FOR SUMMARY DISMISSAL: PROCEDURAL DEFAULT GROUNDS

Petitioner brings 15 claims in his Amended Petition for Writ of Habeas Corpus. (Dkt. 11.) Of these claims, Respondent contends that several were not properly presented to the Idaho Supreme Court, resulting in procedural default.

### 1. Standard of Law Governing Procedural Default

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts

and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### 2. Discussion of Claim Four (in part)

Claim Four has two subparts based on the same facts. Claim Four(a) is that the prosecutor engaged in misconduct by redefining rape in the closing argument; Claim Four(b) is that trial counsel was ineffective for failing to object to the redefinition. (Dkt. 11, p. 8.)

Respondent asserts that Claim Four(a) is procedurally defaulted, because it was never raised as a stand-alone claim outside the context of an ineffective assistance of counsel claim. The Court agrees. While the ineffective assistance of counsel claim based on this set of facts was presented in the opening brief on appeal of dismissal of the successive post-conviction petition (State's Lodging G-1, p. 4), nowhere in Petitioner's appellate brief or his reply does he raise a stand-alone claim. (*See* State's Exhibits G-1, G-3.) Therefore, Claim Four(a) is procedurally defaulted.

### 3. Discussion of Claim Five (in part)

Claim Five(a) is that a trial witness who testified about marijuana use and urinalysis committed perjury; Five(b) is that trial counsel was ineffective for failure to impeach this witness's testimony. Like the claim discussed above, Petitioner presented this claim as an ineffective assistance of counsel claim in his opening brief of the appeal of the successive post-conviction action, but not as a stand-alone claim. (*See* State's Exhibits G-1, p. 5; G-3.) Therefore, Claim Five(a) is procedurally defaulted.

### 4. Discussion of Claim Six

Claim Six is that *trial* counsel was ineffective for failing to ensure that he received a speedy trial. (Dkt. 11, p. 10.) Respondent contends that Petitioner raised similar, but not the same, claims in the appeal of his post-conviction matter—arguing that his *appellate* and *post-conviction* counsel were ineffective for failing to bring the speedy trial issue. (*See* State's Exhibits G-1, G-3.) The Idaho Court of Appeals addressed the claim as an ineffective assistance of appellate counsel claim. (State's Lodging G-4, pp. 4,7.) The Court agrees that the claim that *trial* counsel was ineffective for failing to raise the speedy trial issue was never raised before the Idaho appellate courts, and hence it is procedurally defaulted. In addition, to the extent that Petitioner is also raising a stand-alone speedy trial claim (unclear from the Amended Petition) based on the right to a fair trial, due process, and judicial bias, such a claim is also procedurally defaulted. (Dkt. 11, p. 10.)

### 5. Discussion of Claim Ten

Claim Ten is that the trial court erred by giving the jury Instruction #13 regarding lack of consent of the victim. (Dkt. 11, p. 14.) The Court agrees with Respondent that, in the successive post-conviction appeal, Petitioner raised this claim only in the context of an ineffective assistance of counsel claim, not as a stand-alone claim. (*See* State's Exhibits G-1, pp. 5-6; G-3.) (Petitioner has raised the ineffective assistance companion claim as Claim Nine in his federal Petition. (Dkt. 11, p. 13.).)

However, based on an independent review of the record, the Court finds that Petitioner raised on direct appeal the issue that there was a "fatal variance … between …

**MEMORANDUM DECISION AND ORDER - 9**

the information alleging rape and the jury instructions and evidence adduced at trial," based on Instruction #11 and #13 (State's Lodging E-3, pp. 3, 6-9.) Because Petitioner's counsel had not objected at trial, the Idaho Court of Appeals considered the merits of the claim under the fundamental error doctrine. (*Id*., pp. 3-10.) The Court of Appeals concluded "that there [wa]s no error—let alone fundamental error." (*Id*.) Petitioner presented this claim to the Idaho Supreme Court in a petition for review. (State's Lodging E-4.) Therefore, the Court concludes that the claim is not procedurally defaulted, but only to the extent that Petitioner is pursuing the claim on the same factual and legal basis as he did in the state court proceedings.

   **6. Exceptions re: Procedural Default**

Where a petitioner's claims are determined to be procedurally defaulted, a federal court can adjudicate the merits of the claims only if a Petitioner meets one of two exceptions: a showing of cause and prejudice for the default, or a showing of actual innocence of the conviction, such that a "miscarriage of justice" would occur if the claims were not heard.

   **A. *Traditional* Coleman *Cause***

Ordinarily, to show "cause" for a procedural default, a petitioner must prove that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). To show "prejudice," a petitioner must show "not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and

**MEMORANDUM DECISION AND ORDER - 10**

substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### B. *Martinez* Cause

A limited exception to the *Coleman* rule exists, as the Supreme Court held in *Martinez v. Ryan*, 566 U.S. 1 (2012). That case held that inadequate assistance of post-conviction review (PCR) counsel or lack of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. To show ineffective assistance of PCR counsel, Petitioner must show that the defaulted ineffective assistance of trial counsel claims are "substantial," meaning that the claims have "some merit." *Id*. at 14. To show that each claim is substantial, Petitioner must show that trial counsel performed deficiently, resulting in prejudice, defined as a reasonable probability of a different outcome at trial. *Id*.; *see Strickland v. Washington*, 466 U.S. 668, 695-96 (1984).

The *Martinez v. Ryan* exception applies only to defaulted claims of ineffective assistance of trial counsel; it has not been extended to other types of claims. *See Davila v. Davis*, 137 S. Ct. 2058 (2017) (holding that *Martinez* is not applicable to claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (holding that *Martinez* is not applicable to a defaulted *Brady* claim).

### C. Miscarriage of Justice

To show a miscarriage of justice, Petitioner must support his allegations of constitutional error with new reliable evidence that was not presented at trial, *Schlup v.*

**MEMORANDUM DECISION AND ORDER - 11**

*Delo*, 513 U.S. 298 (1995). For example, types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996). Actual innocence must be premised on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 615.

### 7. Discussion

Respondent's brief set forth the applicable standards of law for the exceptions to procedural default. (Dkt. 19-1.) However, Petitioner has not attempted to show cause and prejudice or actual innocence, and the Court sees no application of either exception that is evident in the Court record. Therefore, Plaintiff has not established that he is excused from default, and Claims Four(a), Five(a), and Six will be dismissed.

## REVIEW OF MOTION FOR SUMMARY DISMISSAL: NONCOGNIZABILITY GROUNDS

Respondent next asserts that Claims Three and Ten are not cognizable federal habeas corpus claims and therefore should be summarily dismissed.

### 1. Discussion of Claim Three

Claim Three is that the state district court erred in summarily dismissing his successive post-conviction petition. Federal habeas corpus review is not the proper avenue to address errors in a state's post-conviction review process. *Franzen v.*

*Delo*, 513 U.S. 298 (1995). For example, types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996). Actual innocence must be premised on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 615.

### 7. Discussion

Respondent's brief set forth the applicable standards of law for the exceptions to procedural default. (Dkt. 19-1.) However, Petitioner has not attempted to show cause and prejudice or actual innocence, and the Court sees no application of either exception that is evident in the Court record. Therefore, Plaintiff has not established that he is excused from default, and Claims Four(a), Five(a), and Six will be dismissed.

## REVIEW OF MOTION FOR SUMMARY DISMISSAL: NONCOGNIZABILITY GROUNDS

Respondent next asserts that Claims Three and Ten are not cognizable federal habeas corpus claims and therefore should be summarily dismissed.

### 1. Discussion of Claim Three

Claim Three is that the state district court erred in summarily dismissing his successive post-conviction petition. Federal habeas corpus review is not the proper avenue to address errors in a state's post-conviction review process. *Franzen v.*

*Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989). In *Williams v. Missouri*, 640 F.2d 140 (8th Cir. 1981), the court explained:

> [I]nfirmities in the state's post conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction [citation omitted]. . . . There is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions. . . . Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings. Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions. Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since [such a] claim . . . represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.

*Id*. at 143-44. Therefore, this claim is subject to dismissal for failure to state a federal claim upon which relief can be granted.

### 2. Discussion of Claim Twelve

Claim Twelve is an ineffective assistance of post-conviction counsel claim. Petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings, and thus such a claim cannot be the basis for habeas corpus relief. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993) (no constitutional right to counsel during state habeas proceedings even if that was the first forum in which a defendant could challenge the constitutional competence of counsel). This claim will be dismissed for failure to state a federal claim upon which relief can be granted.

## CONCLUSION

Petitioner's Petition that challenges his 2009 Amended Judgment of Conviction was timely filed based upon the Ninth Circuit's decision in *Smith v. Williams*. Claims Four(a), Five(a), and Six are procedurally defaulted and cannot be heard, because Petitioner has failed to show cause and prejudice or a miscarriage of justice. Claims Three and Twelve are noncognizable and will be dismissed for failure to state a federal claim upon which relief can be granted. Petitioner may proceed to the merits of Claims One, Two, Four(b), Five(b), Seven, Eight, Nine, Ten, Eleven, and Thirteen through Fifteen.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 19) is GRANTED in part and DENIED in part. Claims Three, Four(a), Five(a), Six, and Twelve are dismissed with prejudice.

2. Respondent shall file an answer to the remaining claims (Claims One, Two, Four(b), Five(b), Seven, Eight, Nine, Ten, Eleven, and Thirteen through Fifteen) within **90** days after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served within **30** days after service of the answer. Respondent has the option

of filing a sur-reply within **14** days after service of the reply. At that point, the case shall be deemed ready for a final decision.

3. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

4. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

DATED: October 12, 2017

_____
Edward J. Lodge
United States District Judge